GEORGE BARKLEY, RESPONDENT, v. THE RENSSELAER AND SARATOGA RAILROAD COMPANY, APPELLANT.

*Bill of particulars — when the plaintiff may be compelled to furnish one — Code of Civil Procedure, sec. 531.*

Where, in an action brought to recover the price of wood sold to the defendant, the complaint alleges the delivery of the wood from time to time, and various payments made on account thereof, the plaintiff may, upon the demand of the defendant, be compelled to furnish a bill of particulars.

Section 531 of the Code of Civil Procedure does not limit the right of the defendant to demand a bill of particulars to the case of an action upon an account stated; the word "account," as used therein, applies to almost every claim on contract, which consists of several items.

*Johnson v. Mallory* (2 Robt., 681), disapproved of.

APPEAL from an order made at a Special Term, setting aside a demand made by the defendant for a bill of particulars.

*E. L. Fursman,* for the appellant.

*G. B. Wellington,* for the respondent.

BY THE COURT:

The complaint alleges the delivery of wood from time to time, and payments by the defendant on account thereof from time to time. The defendant demanded the items of the account.

We see no reason for limiting the right to make such a demand to the case of an account stated, as seems to have been done in *Johnson* v. *Mallory* (2 Robt., 681). In ordinary language the word account is applied to almost every claim on contract which consists of several items. And there is no necessity for giving any limited meaning to the word as it is used in section 531, Code of Civil Procedure. No harm can arise to the plaintiff. He need only serve such a copy of the account as he deems sufficient. If that is thought by the defendant to be defective, the defendant may make a motion for a further account, and then the question as to the particularity of the items may come up. It was very unnecessary for the plaintiff to make a motion to set aside the demand; and we are not willing to say that such a motion can ever be proper. If the plaintiff (as he says on the argument) is without the means of giving particulars, he could make that as an excuse when a motion should be made for a further account, after he should have made and served the best in his power.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.

Present — LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.